# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-282-MR-DLH

| | |
|---|---|
| MERICHEM COMPANY, ) ) Plaintiff, ) ) vs. ) ) ) GERALD DAVIS and SUMMIT ) CATALYST, LLC, ) ) Defendants. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Compel Expedited Discovery [Doc. 31].

On September 11, 2012, the Plaintiff Merichem Company filed a Complaint against the Defendants Gerald Davis ("Davis") and Summit Catalyst, LLC ("Summit") (collectively, "Defendants") alleging, *inter alia*, the misappropriation of trade secrets as well a Motion for Preliminary Injunction [Doc. 2] and a Motion for Expedited Discovery [Doc. 4]. On October 9, 2012, the parties submitted to the Court a proposed Stipulated Order on the Plaintiff's Motion for Expedited Discovery. Specifically, the parties agreed that the Defendants would respond to certain written discovery propounded by the Plaintiff, and that the Plaintiff could depose Defendant Davis, Summit 30(b)(6)

representatives, and Summit CFO Barry Kostiner, as well as "any third parties having knowledge of facts relevant to the Plaintiff's motion for preliminary injunction," provided that such third-party depositions were noticed by subpoena and agreed to by both parties. [Doc. 24 ¶ 2(c)]. On October 10, 2012, the Court entered an Order in accordance with the parties' agreement. [Doc. 24].

The Plaintiff now seeks additional expedited discovery, namely, the third party 30(b)(6) deposition of Triple Five Group of Companies ("Triple Five"). [Doc. 31].[1] The Defendants oppose the Plaintiff's Motion. [Doc. 35].

After careful review of the Plaintiff's Motion, the Court declines to expand the scope of expedited discovery in this case. The Plaintiff has been allowed ample opportunity to seek expedited discovery in preparation of the preliminary injunction hearing, and the discovery sought by Triple Five would be largely duplicative of the other expedited discovery already in progress. Further, the Court finds that the Plaintiff will not be prejudiced from delaying

---

[1]The Plaintiff styles its motion as a "Motion to Compel." To the extent that this motion seeks to compel Triple Five's compliance with a subpoena, such motion would be improper, as the deposition of this non-party is not within the scope of expedited discovery allowed by the Court's prior Order. [Doc. 24]. Even if the deposition were within the scope of expedited discovery, however, such motion would still be improper, as a motion seeking to compel discovery from a non-party must be filed in the district where the discovery is proposed to be taken, which in this case would be the Southern District of New York. See Fed. R. Civ. P. 37(a)(2); see also Fed. R. Civ. P. 45.

2

this third-party discovery until the commencement of the normal discovery period. For these reasons, the Plaintiff's request to "compel" discovery from Triple Five is denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Compel Expedited Discovery [Doc. 31] is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 6, 2012

Martin Reidinger
United States District Judge